ENTERED 5-13-09
FILED
MAY 12 2009
CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re | ) | Case No. 09-00653-A13 |
|---|---|---|
| LARRY GROH, SHULAMIT HANOVER, | ) ) ) | REQUEST FOR ADDITIONAL BRIEFING |
| Debtors. | ) ) | |

It appears to the Court that resolution of the question presently under submission - whether the debtors are eligible to be debtors in Chapter 13 under 11 U.S.C. § 109 - may turn on either of two questions. First, whether the undersecured position of the first trust deed is to be counted as unsecured debt if the first trust deed collateralizes the purchase money mortgage for the property and therefore constitutes non-recourse debt because of the consumer protections of California Code of Civil Procedure § 580b. The second, and alternative, issue is whether debtors' priority tax liability is excluded from the calculation of eligibility because it is allegedly corporate debt not yet assessed against the debtors.



Taking the second issue first - one which both sides have waved at in earlier pleadings - debtors are correct in recognizing that § 109(e) provides that only "noncontingent, liquidated, unsecured debts" are to be counted. Debtors say their business was shut down in 2008, so it apparently has no ability to pay the tax debts of $35,000. Debtors, or at least one of them, has statutory liability for those taxes under 26 U.S.C. § 6672 as the "responsible person". Moreover, they have filed this case under Chapter 13 and listed the taxes as a priority obligation. Their Chapter 13 plan is statutorily required to provide for payment of all priority debt. 11 U.S.C. § 1322(a)(2). More fundamentally, despite debtors' argument that the taxes are a contingent obligation because not yet assessed against them, it seems that the amount of the priority tax debt is readily calculable because it is for past years and the business has closed its doors, and presumably its books. If so, then the only remaining step is to determine liability.

The parties are invited to address this issue with the objective of aiding the Court in determining whether the $35,000 in scheduled priority debt is to be included in the eligibility determination under § 109(e).

The first issue is, in the Court's view, more complicated if the first position trust deed secures a purchase money transaction for the debtors' principal residence, not a refinance of that property. If it does secure the purchase money

obligation, then it may be that debtors have no personal liability for the unsecured portion of the debt by operation of California law, specifically California Code of Civil Procedure § 580b. The Bankruptcy Code's definition of "debt" is "liability on a claim." § 101(12). The term "claim" means a "right to payment". If the debtors have no personal liability on the obligation, in whole or in part, does that impact their eligibility to file under Chapter 13? Or, does the amount owed associated with the property get counted under § 109(e) because it is still a liability of the bankruptcy estate because secured in whole or in part by property of the estate? The Supreme Court's decision in Johnson v. Home State Bank, 501 U.S. 78 (1991), and the Fifth Circuit's decision in In the Matter of Lindsey, Stephenson & Lindsey, 995 F.2d 626 (1993) appear to instruct that non-recourse debt is still debt for purposes of calculating eligibility to be a debtor under § 109, whether in Chapter 13 or Chapter 12. Since the parties to this proceeding have not had an opportunity to comment on the question, they should be afforded one.

So, the first issue is a factual one - is the first trust deed securing a purchase money obligation or a refinance? Then, the question becomes whether the protections of C.C.P. § 580b are applicable and, if so, what effect, if any, do those provisions have on the inclusion or exclusion of the sums owed on that obligation on the § 109(e) calculation?

///

Each side is encouraged to submit its views on the foregoing questions by filing and serving them on or before May 26, 2009. Thereafter, the matter will again be under submission.

IT IS SO ORDERED.

DATED: MAY 1 2 2009

PETER W. BOWIE, Chief Judge
United States Bankruptcy Court

-4-

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re Case No. 09-00653-A13

### CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

> REQUEST FOR ADDITIONAL
> BRIEFING

was enclosed in a sealed envelope bearing the lawful frank of the Bankruptcy Judges and mailed to each of the parties at their respective address listed below:

| Attorney for Debtors: | Chapter 13 Trustee: |
|---|---|
| David E. Britton, Esq.<br>Lockhart & Britton<br>7777 Alvarado Road, Suite 422<br>La Mesa, CA 92041 | Thomas H. Billingslea, Jr. Esq.<br>Chapter 13 Trustee<br>530 B Street, No. 1500<br>San Diego, Ca 92101 |

Said envelope(s) containing such document were deposited by me in a regular United States mail box in the City of San Diego, in said district on May 12, 2009.

_Barbara J. Kelly_, Judicial Assistant